Thomas P. Farley, J.
Motion for summary judgment in an action to bar claims to property at 752 Oakleigh Road, North Woodmere, New York, is granted.
The papers reveal no issue of fact. The plaintiff obtained a. judgment against the defendants Goodkin in September, 1963.. *1100 On May 21, 1965 an execution was issued by the plaintiff to the Sheriff of Nassau County who levied upon the subject property. On August 25, 1965, after due notice, a sale was held. The defendant, Electronics & Missile Facilities, Inc., appeared at the sale by a representative and announced that it was the holder of two judgments that were obtained and filed prior to the plaintiff’s judgment. The plaintiff purchased the property at the sale for $100.
The question presented is: Does the defendant Electronics & Missile Facilities, Inc. now have a lien against the property, or was such lien extinguished by the failure of said defendant to issue an execution to the Sheriff prior to the sale?
CPLE 5236 (subd. [e], as added by L. 1965, ch. 974, "eff. Sept. 1, 1965) leaves no doubt that as to sales subsequent thereto, a duly notified judgment creditor loses his lien if he fails to deliver an execution to the Sheriff prior to the sale. Professor David D. Siegel, in a report made at the request of the Committee to Advise and Consult with the Judicial Conference on the CPLR (published in McKinney’s Sess. Law News, No. 3, May 3, 1965, pp. A-159-A-186; see, also, 1965 McKinney’s Session Laws of New York, pp. 1970 and 1971), maintains that the amendment merely clarified the existing law. The same view is expressed by another commentator on the subject (see, 6 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5236.22b).
The presentation by Professor Siegel1 In said report Is logical and clear.. No additional discussion by this court is necessary. It is held that the failure of the senior judgment creditor, Electronics. & Missile Facilities, Inc., to issue an execution to the Sheriff prior to the sale after being* duly notified thereof resulted in a loss of its Hen. The plaintiff may enter a judgment to that effect.